# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

DANIEL C. BURTON,

        Plaintiff,

    v.                                        Case No. 05-C-367

KIRSTEN RUZICKI,
SCOTT EGGERS,
DEBBIE MADDEM and
UNKNOWN,

        Defendants.

## ORDER

    Plaintiff Daniel C. Burton, who is currently incarcerated at the Jerome Combs Detention Center in Kankakee, Illinois, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. He was granted leave to proceed *in forma pauperis* on claims that, while incarcerated at the Kenosha County Jail, the defendants used excessive force, subjected him to intolerable conditions of confinement, and displayed deliberate indifference to his serious medical need under the Eighth or Fourteenth Amendment. The plaintiff has filed a motion for legal materials, a motion for depositions, and a motion for appointment of counsel. These motions will be addressed herein.

**Plaintiff's "Need of Order to Get Envelopes and Stamps"**

    The plaintiff requests a court order, (1) to provide envelopes and stamps for legal correspondence; (2) to have a notary public take his sworn statement and to notarize his papers in his presence with the state's seal pressed into the document(s); and (3) to provide some way to get

federal case law and federal statutes to do the needed work in this case or any federal case that he is engaged in. The court will construe the plaintiff's motion as a motion for a preliminary injunction.

In deciding whether to grant a motion for a preliminary injunction, the court should consider (1) whether the moving party has an adequate remedy at law; (2) whether he will suffer irreparable harm if the preliminary injunction is not issued; (3) whether the irreparable harm he will suffer if the preliminary injunction is not granted outweighs the irreparable harm the defendant will suffer if the injunction is granted; (4) whether he has a reasonable likelihood of prevailing on the merits; and (5) whether the injunction will not harm the public interest. *Ty, Inc. v. Jones Group, Inc.* 237 F.3d 891, 895 (7th Cir. 2001). The moving party's threshold burden is to establish the first and second factors and to show "some likelihood of success on the merits." *Ping v. Nat. Educ. Ass'n*, 870 F.2d 1369, 1371 (7th Cir. 1989); *see also Roth v. Lutheran Gen. Hosp.*, 57 F.3d 1446, 1453 (7th Cir. 1995). Once the initial burden is met, the inquiry then becomes a sliding scale analysis of the harm to the parties and the public from the grant or denial of the injunction and the actual likelihood of success on the merits. *Ping*, 870 F.2d at 1371.

"The purpose of a preliminary injunction is to minimize the hardship to the parties pending the ultimate resolution of the lawsuit." *Faheem-El v. Klincar*, 841 F.2d 712, 717 (7th Cir. 1988). "The more likely the plaintiff is to win, the less heavily need the balance of harms weigh in his favor in order to get the injunction; the less likely he is to win, the more it need weigh in his favor." *Ping*, 870 F.2d at 1371-72 (citation omitted).

The plaintiff asserts that "the administrative procedures here are not getting me the needed stamps and envelopes to get legal documents and papers out to the courts and defendants' attorneys."

(Motion for Order at 1.) He also asserts that federal case law and federal statutes are not available to him or other inmates.

Prisoners and pretrial detainees have a constitutional right of access to the courts. *Bounds v. Smith*, 430 U.S. 817, 821 (1977); *Casteel v. Pieschek*, 3 F.3d 1050, 1053 (7th Cir. 1993). This right "requires prison authorities to assist inmates in preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Bounds*, 430 U.S. at 828. However, the law is settled that the plaintiff does not have an unlimited right to court access. *See Lewis v. Casey*, 518 U.S. 343 (1996) (holding no abstract constitutional right to law libraries or legal assistance); *see also Bounds*, 430 U.S. at 825 (recognizing that prison officials may consider economic factors "in choosing the methods used to provide meaningful access"); *Lewis v. Sullivan*, 279 F.3d 526, 528 (7th Cir. 2002) ("A right to petition for redress of grievances does not imply a right to free writing paper and stamps.")

In this case, the plaintiff is not proceeding on an access to the courts claim. If he wishes to file an action concerning his right of access to the courts with respect to the Jerome Combs Detention Center, he should file a separate civil rights complaint in the proper venue. Since the plaintiff notified the court of his transfer to that facility on October 31, 2005, he has filed three motions and two affidavits. These materials cite to legal authorities. Moreover, he has indicated that these documents were mailed to the opposing party. In short, the plaintiff has not been prevented from litigating this case. Based on the foregoing, the plaintiff's motion for injunctive relief with respect to envelopes, stamps, and other legal materials will be denied.

The plaintiff also seeks an order that a notary public accurately notarize his documents. However, it is not necessary for the plaintiff to notarize the documents he files with this court. If he

3

Case 2:05-cv-00367-WEC   Filed 11/22/05   Page 3 of 8   Document 40

wishes to submit sworn statements, he can simply add the following language along with his signature: "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date)." 28 U.S.C. § 1746. Therefore, the plaintiff's motion as to notarization will be denied.

### Plaintiff's Petition/Motion for Deposition

The plaintiff requests that the court authorize him to take depositions of adverse parties and of inmate witnesses, pursuant to Federal Rule of Civil Procedure 30(a). He expects to establish the following facts with the proposed depositions:

1. Petitioner posed no physical threat to any other person nor himself.

2. Petitioner did not provoke employees in any way physically or verbally;

3. Petitioner was attack[ed] by employees of Kenosha County Jail (K.C.J.) working as correctional officers (C.O.).

4. Petitioner did not hit nor fight back with said employees.

5. Petitioner cannot truly say which employee(s) of K.C.J. broke and dislocated petitioner['s] right shoulder and hopes that one of the eyewitness to the attack can identify the person(s) who did.

6. Petitioner did not call one of the employees a bich [sic] as is stated in a statement given by a Kirsten Ruzicki and wishes this verified.

7. Petitioner was setting down when he was attact [sic] and wishes verification of this fact in testimonies.

8. Petitioner knows which employee damaged petitioner's left eye, but wants a[n] eyewitness's verification.

(Petition/Motion for Depositions at 1-2)

The plaintiff sets forth the names of five "expected adverse parties and address so far known," whom he wishes to depose. *Id.* at 3. Also included in this list are three sets of unknown names: (1)

4

employees of Kenosha County Detention Center who worked from December 2, 2004 (starting at second shift) through December 14, 2004, in the HW segregation unit as C.O.'s; (2) employees working at Kenosha County Detention Center as medical staff nurses from December 2, 2004 through December 8, 2004; and (3) name of the employee that works as the assistant facility administrator.

Furthermore, the plaintiff wishes to depose inmates or former inmates of the Kenosha County Jail. He sets forth the "names and only known or last known address" of six individuals who lived on the B-Block of the Kenosha County Jail. *Id.* at 4. "The testimonies petitioner hopes to elicit from each inmate who lived in B-Block of (K.C.J.) is there [sic] eye and hearing witness testimonies of the event on 2 December 2004 between the hours of 0700 and 0800." *Id.* at 6. The plaintiff has obtained the home addresses of three of these former B-Block inmates.

The plaintiff also sets forth the names and only known or last known address of five individuals who lived on the C-Block of the Kenosha County Jail. "The testimonies petitioner hopes to elicit from each inmate in C-Block of (K.C.J.) during December 2, 2004 is their eye witness account of what took place in B-Block of (K.C.J.), between the hours of 0700 and 0800. The inmates of C-Block had a[n] unobstructive [sic] view of B-Block, something like looking at T.V. with a back view." *Id.* Lastly, the plaintiff wishes to depose five other inmates, whose names he was unable to obtain.

> The plaintiff previously denied the plaintiff's motion for depositions. The court reasoned:
>
> The plaintiff asserts that he seeks to obtain an eye witness account of the relevant incident from several prisoners. The procedure for conducting depositions upon oral examination is set forth in Federal Rule of Civil Procedure 30. The procedure is rather lengthy. Moreover, the plaintiff has not provided any reason as to why the information he seeks could not be obtained without need of depositions and then

> submitted to the court by way of affidavits. The court is not willing to order that the depositions of prisoners be taken when other means are available for the plaintiff to obtain relevant information and thereafter submit the same to the court by way of affidavits. Accordingly, the plaintiff's petition for depositions will be denied.

(Order of August 19, 2005, at 3.)

To the extent that the plaintiff seeks to take the depositions of prisoners, there is still no indication as to why the plaintiff cannot use affidavits to obtain the same testimony that he would with depositions. Moreover, he can use written discovery to obtain relevant names and locations of potential affiants. Accordingly, the plaintiff's motion for depositions will be denied.

The current deadline for the completion of discovery is December 2, 2005, and the deadline for filing dispotive motions is January 6, 2006. (Scheduling Order of August 29, 2005.) Based on the foregoing, the court will extend those deadlines. The new deadline for the completion of discovery will be February 27, 2006. The new deadline for filing dispositive motions will be March 27, 2006.

### Plaintiff's Motion for Appointment of Counsel

The plaintiff has moved for the appointment of counsel. This is his third motion to appoint counsel in this case. The first motion was denied without prejudice because the plaintiff did not provide any indication that he attempted to obtain legal counsel on his own and because "the issues in this case appear at this stage to be straightforward and uncomplicated." (Order of June 14, 2005, at 5.) The plaintiff then attempted to obtain counsel on his own and subsequently filed another motion to appoint counsel. The court denied the plaintiff's second motion for appointment of counsel because, (1) at this stage the issues appear to be straightforward and uncomplicated; (2) the plaintiff's filings indicate that he is capable of litigating this case himself; and (3) at this time the

6

court does not believe that the presence of counsel is likely to make a difference in the outcome of the case. (Order of August 19, 2005, at 2.)

In support of his third motion to appoint counsel, the plaintiff asserts that he needs counsel because:

> 1) Plaintiff is a federal and always has been a pretrial federal detainee.
>
> 2) Plaintiff is now both a federal and state of Wisconsin pretrial detainee.
>
> 3) Plaintiff did not have access to Wisconsin state law books until Aug. 2005.
>
> 4) Plaintiff has been in segregation during these legal proceedings.
>
> 5) Plaintiff does not have access to Wisconsin law books now, because, plaintiff is housed in Kankakee Illinois.
>
> 6) Plaintiff needs to amend the complaint and does not have the legal material (research materials) to do so.
>
> 7) Plaintiff needs to prove the "state of mind" of the defendants which takes more than a layman's skills.
>
> 8) Plaintiff has not been around any of the other inmates from Kenosha County Jail, but one maybe two which he has gotten affidavits from one, but being in the segregation unit of Kenosha County Detention Center has affectedly not allow[ed] me to get affidavits from any eye witness in Kenosha County Jail.
>
> 9) Plaintiff must handle motion in circuit court of Kenosha County himself, because court appointed counsel in his criminal state case will not.

(Motion for Appointment of Counsel at 2-3.)

The quality of the plaintiff's filings is reasonable. The court still believes that at this stage of the proceedings he is capable of representing himself. The court also still believes that at this time the presence of counsel is unlikely to make a difference in the outcome of this case. Therefore, the plaintiff's motion to appoint counsel will be denied.

7

**ORDER**

**IT IS THEREFORE ORDERED** that the plaintiff's motion for order requesting legal materials (Docket #34) be and hereby is **DENIED**;

**IT IS FURTHER ORDERED** that the plaintiff's motion for depositions (Docket #36) be and hereby is **DENIED**;

**IT IS FURTHER ORDERED** that the plaintiff's motion to appoint counsel (Docket #38) be and hereby is **DENIED**; and

**IT IS FURTHER ORDERED** that the August 29, 2005, scheduling order is amended as follows: the deadline for the completion of discovery is **February 27, 2006**. The deadline for filing dispositive motions is **March 27, 2006**.

Dated at Milwaukee, Wisconsin this  22nd  day of November, 2005.

BY THE COURT:

/s/ William E. Callahan, Jr.
WILLIAM E. CALLAHAN, JR.
United States Magistrate Judge